UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARIEL TRASANCO,

    Plaintiff,

v.                                                     Case No. 3:20cv5259-MCR-HTC

DMD PATRICIA MASON,
RN MARTHA LANG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Ariel Trasanco, initiated this action in March 2020, when he was an inmate of the Florida Department of Corrections ("FDOC"), incarcerated at Cross City Correctional Institution, alleging claims against a Jane Doe Dentist and Sarah Doe Nurse for medical deliberate indifference under the Eighth Amendment, relating to a tooth extraction that occurred while he was at Walton County Correctional Institution. ECF Doc. 1.

Case 3:20-cv-05259-MCR-HTC    Document 50    Filed 04/07/22    Page 2 of 7

Page **2** of 7

The Court initially dismissed the action for failure to exhaust in May 2020,[1] ECF Doc. 6, but vacated that dismissal in January 2021, ECF Doc. 12, after Plaintiff submitted a new exhibit showing the Secretary's denial of his appeal as untimely was wrong, ECF Doc. 10.[2]

On remand to the undersigned, the Court allowed Plaintiff to issue limited written discovery to the Secretary of the FDOC for the purpose of identifying the Doe Defendants. ECF Doc. 17. After an order to show cause was entered, ECF Doc. 19, on June 14, 2021, Plaintiff filed an amended complaint identifying the Defendant medical providers as Dr. Mason and Nurse Lang. ECF Doc. 20. The clerk was eventually able to serve those Defendants, and on November 29, 2021, both defendants filed a motion to dismiss, ECF Doc. 36, which is pending.

As is the Court's normal practice, the Court entered a response order giving Plaintiff thirty (30) days, rather than the fourteen (14) provided for in the Local Rules, to file an opposition. ECF Doc. 37. In that order, the Court specifically advised Plaintiff that his failure to file a response may result in the motion being

---

[1] Although exhaustion is generally addressed via a motion to dismiss, the Court addressed it sua sponte because Plaintiff attached the grievances and institutional responses to his complaint, including a response from the Secretary denying the appeal as untimely. ECF Doc. 5.

[2] Plaintiff did not file an objection to the report and recommendation. Instead, after Judgment was entered, Plaintiff filed a motion to alter or amend the judgment, requesting additional time to file an objection and contending he had not received the Report and Recommendation. ECF Doc. 8; *see also,* ECF Doc. 9, granting motion. The new exhibit was attached to the objection.

granted by default as set forth in Local Rule 7.1(H) and the motion being treated as unopposed. *Id.*

On December 17, 2021, Plaintiff filed a motion for extension of time to file an opposition. ECF Doc. 38. As a basis for the motion, Plaintiff stated that he was scheduled to be released from custody on December 17, 2021, and planned to retain counsel upon his release. *Id.* Plaintiff sought a 90-day extension. *Id.* Although the Court found an extension of ninety (90) days to be excessive, the Court granted Plaintiff a 60-day extension of time. ECF Doc. 40. Around the same time, the Court also received an undated notice of change of address from Plaintiff, providing a post-release address in Miami, Florida. ECF Doc. 39.

Because the clerk inadvertently failed to update the docket with Plaintiff's new address, the Court's extension order was returned undeliverable. ECF Doc. 41. The following day, January 4, 2022, the clerk resent the extension order to Plaintiff at his Miami, Florida, address. ECF Doc. 41. This time the order was not returned undeliverable. However, despite waiting 60 days *after* January 4, 2022, for Plaintiff to file a response to the motion to dismiss, no response was received.

Thus, on March 18, 2022, the Court issued a show cause order to Plaintiff, giving him another fourteen (14) days, until April 1, 2022, to file a response.[3] ECF

---

[3] In the interim, the Court also entered an order on attorney Edwards and Dzwonkowski's motions to withdraw as counsel for the Defendants. ECF Doc. 45. That order, however, was returned undeliverable. Although the clerk sent that order to the Miami address, the clerk referred to the

Doc. 46.  That time has come and gone and the Court has still not received a response from Plaintiff.  Thus, as set forth in that show cause order, "[d]espite the passage of over one hundred (100) days since Defendants filed their motion to dismiss, and more than three (3) months since Plaintiff was released from custody, Plaintiff has not retained counsel or filed a response to the motion to dismiss."  ECF Doc. 46.

Indeed, Plaintiff has not filed anything with this Court since his release from FDOC custody on December 17, 2021.  Because of the lack of any response from Plaintiff since he was released from FDOC custody and the lack of an opposition to the motion to dismiss, the undersigned recommends this action be DISMISSED on two grounds.

First, this Court has repeatedly advised Plaintiff that the Court will treat Defendants' motion as unopposed and grant it by default under the Local Rules if Plaintiff fails to file an opposition.  *See Handy Land & Timber, LLLP v. Transcon. Gas Pipe Line Co., LLC,* 762 F. App'x 810, 813 (11th Cir. 2019) (affirming dismissal and finding no abuse of discretion based on similar Local Rule in the Northern

---

street address as being "13901 SW 160th St.", rather than "13901 SW 160th Tr."  Thus, on March 23, 2022, the clerk resent the order granting withdraw, *and out of an abundance of caution*, also resent the show cause order to the 13901 SW 160th Tr., address, even though the original mailing had not been returned.

District of Georgia); *Arundar v. DeKalb County School Distr.*, 620 F.3d 493, 494 (5th Cir. 1980) (affirming dismissal, but stating it should be without prejudice).[4]

Second, the Court has discretion under Rule 41 to manage its docket, including dismissing an action for failure to prosecute and obey orders of the Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Finally, Plaintiff alleges the tooth extraction occurred on August 29, 2018. Thus, while this recommendation is for a dismissal **without prejudice**, the statute

---

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of limitations on some of Plaintiff's claims will expire in less than five (5) months on August 29, 2022.[5] The undersigned, however, nonetheless recommends a dismissal because Plaintiff has ignored this Court's prior orders and clearly does not want to prosecute this matter. Moreover, Plaintiff will receive a copy of this report and recommendation, and thus, will have an opportunity to file an objection, thereby expressing any desire to prosecute this action. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349,* 262 F. App'x 121, 125, 127 (11th Cir. 2008) (A magistrate judge's report and recommendation provides adequate notice and opportunity to respond to a sua sponte dismissal).

In other words, regardless of whether there may be any merit to Plaintiff's claims, there may be several reasons why he no longer wants to pursue this action, and the Court cannot simply let this case sit on the docket waiting for Plaintiff to take action. Indeed, based on this Court's experience, many prisoners often cease pursuing an action when they have been released from custody.

Accordingly, it is respectfully recommended that:

1.Defendants' motion to dismiss (ECF Doc. 36) be GRANTED.

---

[5] The Eleventh Circuit has consistently held that Florida's 4-year statute of limitations for personal injury actions, Fla. Stat. § 95.11(3), governs federal § 1983 claims brought in Florida. *City of Hialeah, Fla. v. Rojas,* 311 F.3d 1096, 1103 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years").

2. This case be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

3. The clerk be directed to close the file.

Done in Pensacola, Florida, this 7th day of April 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.